IDA L. KUHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN I. COOPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAURA M. PRICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. E. PRICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32609, 32610, 40115, 40267, 40659, 41072.

Promulgated September 29, 1931.

*Edward Halloway, Esq.*, and *Paul Armitage, Esq.*, for the petitioners.

*M. E. McDowell, Esq.*, for the respondent.

218

OPINION.

SMITH: The sole question presented by these proceedings is whether the petitioners are entitled to deduct from their gross in-

comes any amounts representing allowances for depletion upon the property held in trust for their benefit created by John M. Cooper and from which they derived income. In their income-tax returns each of the beneficiaries under the trust omitted from gross income $15,000 which was received from the trustees. Laura M. Price and W. E. Price, making returns on a community property basis, each omitted $7,500. In the amendment of the income-tax returns the respondent has added to the gross incomes reported the amounts thus omitted and has refused to allow any amount as a deduction for depletion. The petitioners claim the right to deduct depletion.

The parties have stipulated that if, as a matter of law under the stipulated facts, depletion is an allowable deduction from gross income to these petitioners, then the amounts thereof are those shown in a memorandum and schedule of the engineering subsection of the audit review division introduced in evidence as Exhibit B.

The applicable statute is section 214 (a) (9) of the Revenue Act of 1926, which provides:

(a) In computing net income there shall be allowed as deductions:

\*        \*        \*        \*        \*        \*        \*

(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In the case of leases the deduction allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

The question presented by these proceedings is the same as was before the Board in *Kate Fowler Merle-Smith*, 11 B. T. A. 254, and *Margaret B. Fowler*, 11 B. T. A. 265, in which we held that the beneficiaries were not entitled to deductions for depletion on account of the removal of ore from property forming a part of the corpus of the trust. Here, as there, the beneficiaries of the trust were to receive not only the income of the trust, but had an interest in the corpus as well. The decision of the Board in *Kate Fowler Merle-Smith*, *supra*, was reversed by the Circuit Court of Appeals for the Second Circuit, 42 Fed. (2d) 837; certiorari denied, 282 U. S. 897. The facts in this case are also substantially the same as obtained in *Mary Alphin et al.*, 21 B. T. A. 1101, where we held, following the decision of the court in *Merle-Smith* v. *Commissioner of Internal Revenue*, *supra*, that the beneficiaries were entitled to depletion deductions. In these proceedings we are also of the opinion that they are entitled to reasonable allowances for depletion in the computation of tax liabilities for the years involved.

Reviewed by the Board.

*Judgments will be entered under Rule 50.*